UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Pardeep KUMAR,

Petitioner,

v.

Jeremy CASEY, et al.,

Respondents.

Case No.: 26-cv-0758-AGS-JLB

**ORDER REQUIRING RETURN**

Petitioner Pardeep Kumar seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id*., Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

On "01/03/2023," Kumar, a "citizen of India," entered the United States. (ECF 1, at 5.) Almost three years later, on "December 3, 2025," he was apprehended by Immigration and Customs Enforcement and "has been in immigration detention since." (*Id.*) Kumar is now challenging the government's decision to subject him to mandatory detention under "8 U.S.C. § 1225(b)(2)." (*Id.*) He asserts that his case is instead governed by "8 U.S.C. § 1226(a)"—which authorizes release on bond or conditional parole—and that he is a member of a class action (*Maldonado Bautista*) which won declaratory relief to that effect. (*Id.* at 7.)

This challenge has sufficient potential merit to warrant a response. Although the only Court of Appeals to address this question has rejected Kumar's position, *see Buenrostro-*

1

*Mendez v. Bondi*, No. 25-20496, __ F.4th ___, 2026 WL 323330, at *4 (5th Cir. Feb. 6, 2026), functionally identical cases across the country have succeeded in great number, *see, e.g.*, *Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025) (class action final judgment); *Barco Mercado v. Francis*, ___ F. Supp. 3d. ___, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (noting that, in "350" of the "362" opinions to address this issue, the petitioners "prevailed, either on a preliminary or final basis," and these cases were "decided by over 160 different judges sitting in about fifty different courts"); *Mosqueda v. Noem*, No. 5:25-cv-02304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025) ("[P]etitioners are likely to succeed on the merits of their claims because section 1226(a), not section 1225(b)(2), likely governs their detention."); *Vazquez v. Feeley*, No. 2:25-cv-01542-RFB-EJY, 2025 WL 2676082, at *11 (D. Nev. Sept. 17, 2025) (same); *Rodriguez v. Bostock*, No. 3:25-cv-05240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025) ("[T]he government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice.").

So, by **February 17, 2026**, the government is ordered to file a return to Kumar's petition. Kumar must file any traverse by **February 24, 2026**. The Court will hold oral arguments on **March 3, 2026, at 2:00 p.m.**

Dated: February 10, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

2

26-cv-0758-AGS-JLB